ZYDEL et v. CLARKSON.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1953. Decided Jan. 23, 1928.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

297. CONTRACTS—884. Parol Evidence— Where there is latent ambiguity in written agreement, parol evidence may be received to show to which of persons or things description relates.

Error to Common Pleas.

Judgment reversed.

Johnson, Johnson & Farber, Toledo, for Zydel et.

Geo. E. Dixon, Toledo, for Clarkson.

FULL TEXT.

LLOYD, J.

In the trial court plaintiffs in error were defendants and the defendant in error was plaintiff.

Plaintiff commenced an action against the defendants on an alleged written contract for the purchase of a refrigerator, claiming that the defendant refused to perform the contract so made and that thereby he had sustained damages in the sum of $230.00. The jury returned a verdict for the plaintiff in the sum of $75.00, upon which judgment was entered.

One or both of the defendants conducted a grocery and meat market in Toledo and, desiring to purchase a refrigerator, Mrs. Zydel, on April 13, 1926, executed in the name of her husband, a contract with plaintiff for "one No. 86 Dry Kold Refrigerator" of a certain specified width, depth and height, for which $690.00 was to be paid in the manner and at the times therein specified, she at the time giving to Clarkson her personal check for $10.00 as a down payment thereon. The contract as made also provided that: "This order states the entire agreement for the purchase of said goods and is not modified by any verbal agreement."

The plaintiff, Clarkson, testified that No. 86 Dry Kold Refrigerators were lined with mineral wool or with cork and that the only distinguishing feature between the mineral wool and cork-lined No. 86 was the price. The cork-lined refrigerator cost more than one lined with mineral wool. Mrs. Zydel testified that the refrigerator ordered was to have been cork lined and that when she and her husband learned that the plaintiff was proposing to furnish one lined with mineral wool, payment was stopped on the $10.00 check given to Clarkson and the order cancelled.

Oral evidence was offered by plaintiff and by defendants as to whether the refrigerator so purchased was to have been lined with cork or mineral wool. This evidence was received by the court, but in his charge to the jury the trial judge instructed the jury in substance that the written contract must be considered as complete in itself and if the jury found that it had been executed and broken, the plaintiff would be entitled to recover, and refused to instruct the jury as to the claims of defendants and the effect thereof, if found to be true, that the refrigerator was to be lined with cork instead of with mineral wool as claimed by plaintiff. These are the only errors of which the plaintiffs in error complain.

To the rule that parol testimony can not be received to contradict, vary, add to or subtract from the terms of a written agreement, there are some well-recognized exceptions. One of these exceptions is that duress or fraud in the inception of the contract may be proved. Another is that where there is a latent ambiguity, that is "the ambiguity does not appear on the face of the instrument but lies hidden in the person or subject whereof it speaks," parol evidence may be received to show to which of the persons or things the description relates. Jones on Evidence (3d Ed.) Sec. 472.

In the description "No. 86 Dry Kold Refrigerator," it does not appear that there is any ambiguity, but the evidence offered and received at the trial was to the effect that this description covered both cork and mineral wool lined refrigerators, and this court is of the opinion that the trial judge erred in failing and refusing to properly instruct the jury as to the law applicable to the situation thus developed.

In passing, it may be suggested that the record is not altogether clear as to whether the defendants were partners in the conduct of the grocery and meat market or whether Mrs. Zydel, in signing the contract, was acting as agent of Mr. Zydel, with knowledge of the plaintiff. She signed his name to the order but gave her personal check for the down payment of $10.00. If there was a partnership, the contract might be the contract of both; if she was acting as agent merely, or acting solely in her own behalf, the liability, if any, on the contract, would be of still a different nature.

The judgment of the trial court is reversed and the cause remanded for a new trial.

(Richards and Williams, JJ., concur.)